UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08-cv-126

| | |
|---|---|
| **CHACE HAROLD LONEY** )<br>   **Plaintiff,** )<br> )<br>v. )<br> )<br>**NATIONAL CITY BANK,** )<br>**et. al.,** )<br>   **Defendants.** )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the court on Defendants' Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and Memoranda in support (Documents #3-6), filed November 25, 2008. Plaintiff has not filed any response to these motions. This matter is now ripe for disposition.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Chace Harold Loney ("Loney") filed a *pro se* complaint against the defendants in this case on October 24, 2008. This complaint was one in a long series of claims filed in bankruptcy court, in state court, and in this court, all of which related to foreclosure proceedings against Loney's home after he failed to make payments on his mortgage. A detailed history of these filings is contained in a December 12, 2008 order entered by the Hon. J. Craig Whitley in Loney's most recent bankruptcy proceeding in the Western District of North Carolina, Case No. 08-50381. A brief summary of this history appears below.

Loney filed his first bankruptcy case in December 2007 after foreclosure proceedings were begun against his home by Home Loan Services, Inc. ("HLS") as the servicer for National City Bank on a mortgage issued to Loney. After HLS learned of Loney's bankruptcy filing, the foreclosure

proceeding was dismissed. Thereafter, Loney's bankruptcy case was dismissed when he failed to file the required schedules. In March 2008, HLS again initiated foreclosure proceedings against Loney by filing an action in Iredell County Superior Court. An order was entered in that case stating that "the debtors have shown no valid legal reason why foreclosure should not commence." Later that same month, Loney filed a lawsuit in Iredell County Superior Court against HLS, and in April 2008, Loney again filed for Chapter 13 bankruptcy relief in the Western District of North Carolina. The state court case was later dismissed by the Superior Court, and the bankruptcy case was also dismissed after Loney failed to make plan payments. In July 2008, Loney filed two complaints in this court that were both terminated after Loney's motions to proceed *in forma pauperis* were denied.

Also in July of 2008, the Superior Court of Iredell County granted HLS's motion to allow a foreclosure sale and instructed the trustee that it was permitted to conclude the foreclosure in accordance with applicable law. Loney then filed a motion with the bankruptcy court to "Reset Foreclosure Sale and . . . Reopen Chapter 13 Case." In October 2008, Loney filed another action against HLS and others in the Iredell County Superior Court, filed a Chapter 7 petition in the bankruptcy court, and filed the instant action in this court. Loney's actions in state and bankruptcy court have since been dismissed. In addition, the bankruptcy court found that Loney's repeated filings "were frivolous in nature, constitute bad faith on the part of [Loney] and were done in an attempt to defraud, hinder, and delay HLS in pursuing its rights under applicable law." As a result, the order of the bankruptcy court awarded attorney's fees and costs to HLS, barred Loney from filing for bankruptcy in any bankruptcy court for a two year period beginning on December 12, 2008, and referred the case to the United States Attorney's Office for possible prosecution.

A "Report of Foreclosure Sale/Resale" was filed by HLS in state court on September 4, 2008,

2

and Loney was evicted from his home on November 24, 2008. In his complaint in this case, Loney asserts claims for "fraud, breach of contract, breach of fiduciary duty, violations of North Carolina Deceptive Trade Practices Act, violations of federal home lending, status conspiracy, state and federal RICO violations, TILA [Truth in Lending Act] violations, Regulation Z violations, RESPA violations, and another other [sic] state and federal torts." Loney lists National City Bank, Peter Raskind, Merrill Lynch, Home Loans, John Thain, First Franklin Home Loans, Andy Pollock, J. Chris Huff, and Hunter Mortgage Brokers as defendants.* All of these parties were in some way connected to the mortgage transaction that led to the foreclosure of Loney's home.

## ANALYSIS

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). A complaint will survive a Rule 12(b)(6) motion to dismiss when it adequately states a set of facts, which, if proven to be true, entitle the plaintiff to judicial relief. Duckworth v. State Admin. Bd. of Election Laws, 332 F.3d 769, 772 (4th Cir. 2003). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (quotations and citations omitted). Thus, the complaint must allege facts sufficient "to raise a right to relief above the speculative level" and to satisfy the court that the claim for relief is "plausible on its face." Id. at 1965, 1974. Although this court must accept the factual allegations of the complaint as true, the court is not so bound with respect to the legal conclusions offered in the

---

*J. Chris Huff was the trustee on the mortgage. The other individual defendants are officers of the corporate defendants. No allegations are made by Loney against any of these men in their individual capacities.

complaint. E. Shore Mkts., Inc. v J.D. Assoc. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000) (citation omitted).

Even under the liberal pleading standards afforded *pro se* litigants, see Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), in the present case Loney's claims fail because they do not adequately state sets of facts, which, if proven to be true, would support the legal allegations of the complaint, or any other cognizable claim. Although the complaint makes various allegations of unlawful and actionable conduct on the part of the defendants, these allegations are conclusory and lacking in factual support. None of Loney's claims alleges enough specific facts to "raise a right to belief above the speculative level" or to satisfy this court that the claim for relief is "plausible on its face." Bell Atl. Corp., 127 S. Ct. at 1965, 1974. Moreover, the complaint is largely unintelligible and incoherent. For these reasons alone, Loney's complaint is subject to dismissal for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6).

In addition, this court finds that Loney's allegations in this case are just one in a series of frivolous and harassing lawsuits intended to prevent HLS from exercising its legal right to foreclose on Loney's home. Allegations similar to those in the instant case have been considered and dismissed by the Iredell County Superior Court and the Bankruptcy Court for the Western District of North Carolina on several different occasions. As a result of Loney's "repeated," "frivolous," and "bad faith" attempts "to defraud, hinder, and delay HLS in pursuing its rights under applicable law," the United States Bankruptcy Judge barred Loney from filing any further bankruptcy claims for a period of two years. This court similarly finds that Loney's suit in the instant case is frivolous and was filed by Loney in a bad faith effort to avoid his obligations under his mortgage contract.

"[W]hen a party deceives a court or abuses the process at a level that is utterly inconsistent

with the orderly administration of justice or undermines the integrity of the process, the court has the inherent power to dismiss the action." United States v. Shaffer Equip. Co., 11 F.3d 450, 462 (4th Cir. 1993). However, before exercising the inherent power to dismiss, a court must weigh the following factors:

> (1) the degree of the wrongdoer's culpability; (2) the extent of the client's blameworthiness if the wrongful conduct is committed by its attorney . . . (3) the prejudice to the judicial process and the administration of justice; (4) the prejudice to the victim, (5) the availability of other sanctions . . . and (6) the public interest.

Id. at 462-63. In the present case, Loney is entirely responsible for the frivolous filing, and this frivolous complaint impedes the efficient operation of the judiciary and punishes the defendants for exercising their legal rights. Due to the spurious nature of the complaint, dismissal is the only option that will avoid further waste of time on the part of this court and the defendants, and the public interest favors the dismissal of meritless lawsuits. Therefore, Loney's complaint is also subject to dismissal pursuant to this court's inherent power.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, it is hereby **ORDERED** that Loney's complaint against the defendants in this case is **DISMISSED** with prejudice.

Signed: March 25, 2009

Richard L. Voorhees
United States District Judge